UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES WHORTON,

          Plaintiff,

v.

JOAN ROGGENBUCK,
KIM FERRIS, SHANTHI GOPAL,
JOE LAPUM, and ALFRED BROWN,

          Defendants.
_____/

Case No. 2:16-cv-13885
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

# REPORT AND RECOMMENDATION TO GRANT DEFENDANTS FARRIS AND GOPAL'S MOTION TO DISMISS (DE 23)

**I. RECOMMENDATION**: The Court should **GRANT** Defendants' Farris and Gopal's motion to dismiss pursuant to Fed. Rules Civ. P. 8 and 12(b)(6). (DE 23.)

**II. REPORT:**

    **A. Plaintiff's Complaint**

James Whorton is currently incarcerated at the Michigan Department of Corrections (MDOC) Woodland Center Correctional Facility (WCC). (DE 34.) On October 27, 2016, while incarcerated at WCC, Plaintiff filed the instant, verified civil rights complaint *in pro per* against five defendants – Joan Roggenbuck, (Kim) Ferris, (Shanthi) Gopal, Joe Lapum and Alfred Brown - in

1

their personal and official capacities.  The facts underlying Plaintiff's complaint stem from the events of June 2014 and concern treatment he received following two self-inflicted cuts.  (DE 1 ¶¶ 10-27.)  Plaintiff alleges a violation of the Eighth Amendment to the United States Constitution and seeks declaratory and injunctive relief, as well as compensatory and punitive damages.  (DE 1 at 7-8.)[1]

### B.     Instant Motion

On June 14, 2017, Defendants Kim Farris, P.A., and Shanthi Gopal, M.D., filed a combined motion to dismiss pursuant to Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6).  (DE 23.)  Judge Drain referred this motion to me for a report and recommendation.  (DE 24.)    Plaintiff filed a timely response on July 25, 2017, and Defendants Farris and Gopal filed a reply on August 2, 2017.  (DEs 26-27.)

### C.     Fed. Rules Civ. P. 8 and 12

Defendants seek dismissal of Count I under Federal Rules of Civil Procedure 8 and 12(b)(6).  (DE 23 at 3.)  "A pleading that states a claim for relief must contain:

---

[1] For whatever reason, Defendant Lapum has yet to appear.  The November 2016 attempt at service upon him was returned with the explanation that he was no longer employed by the MDOC.  (DE 7.)  On March 31, 2017, the Court entered an order directing service without prepayment of costs and directing the MDOC to provide certain information for Joe Lapum.  (DE 16.)  On August 3, 2017, the USMS acknowledged receipt of documents for service of process upon three defendants, including *Warren* Lapum.  (DE 28.)  However, the USMS has recently informed the Court that the attempt at service was returned as "UNCLAIMED."  (DE 35.)

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) ("Claim for Relief."). In the case at bar, Defendants apparently contend that Plaintiff's complaint does not set forth "[a] short and plain statement of the claim . . . [.]" (*See* DE 23 at 8, 11, 13.)

When deciding a motion to dismiss under Fed. R. Civ. P. 12, the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an

inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

**D.    Discussion**

    **1.    The facts underlying Plaintiff's complaint stem from the alleged events of June 2014.**

Plaintiff claims that, in June 2014, he was a mental patient housed at the MDOC's Ionia Correctional Facility (ICF). According to Plaintiff, he twice cut his stomach and in each case was sent to the hospital (presumably Duane Waters Health Center); however, in neither case was his stomach repaired. (DE 1 ¶¶ 10-

4

12.) Plaintiff was discharged and sent to WCC, which he describes as "a prison for mental patients," and where Roggenbuck was the Warden. (DE 1 ¶ 13.) Plaintiff describes his treatment, including the use of a colostomy bag, and claims that, "[d]uring those . . . first 6 . . . months, [he] was given Vicodin/Norco pain medications." (DE 1 ¶¶ 14-16.)[2] When this prescription expired, he was given "generic Tylenol, which did not help with the pain and discomfort he was having." (DE 1 ¶ 19.)

In December 2014, Plaintiff completed an MDOC Step I grievance form in which he complained that Ferris and Gopal refused to re-order pain medication. In the three following months, he kited health care about the need for an "abdominal binder" and pain medication, among other concerns. (DE 1 at 23-27; see also DE 1 ¶ 20.) Lapum and Brown provided the Step I grievance response and noted: "Prisoner was seen multiple times in the clinic from [June 23, 2014] to [December 23, 2014]. Physician discontinued his Norco after 6 months post[-] surgery and replaced with Tylenol." Plaintiff completed a Step II grievance appeal, which Roggenbuck denied in January 2015. Finally, Plaintiff completed a Step III

---

[2] During September and October 2014, Plaintiff kited health care about pain, among other things. He was scheduled for a September 26, 2014 appointment, but, apparently, he "was never called-out." As of October 8, 2014, health care was awaiting "MSP review for device to keep ostomy bag in place." (DE 1 at 16-22; see also DE 1 ¶ 17.)

grievance appeal, which was rejected in April 2015. (DE 1 at 10-14; *see also* DE 1 ¶ 18.)

> **2. Defendants are entitled to dismissal of Plaintiff's Eighth Amendment claim against them.**
>
> **a. Deliberate Indifference to a Serious Medical Need**

As the Supreme Court has instructed, "a prison official violates the Eighth Amendment only when two requirements are met.

> First, the deprivation alleged must be, objectively, "sufficiently serious," . . . ; a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities," . . . .
>
> The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." . . . . To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." . . . . In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety. . . [.]

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal footnote and citations omitted).

> **b. Analysis**

The Court should agree with Defendants Ferris and Gopal that Plaintiff's allegations against them "do not rise to the level of an Eighth Amendment violation." (DE 23 at 16-21.) First, several paragraphs of Plaintiff's complaint do not specify to whom Plaintiff attributes fault. Plaintiff contends that:

- he "was left in pain and suffering which caused severe mental anguish that further exasperated his me[n]tal condition . . . [,]"

6

> as he "had over 6 (six) inches of his intestine protruding and a colostomy bag for almost 2 (two) full years."
>
> - depressed, anguished, and in pain, Plaintiff "subjected himself to another round of self-injurious behaviors that essentially forced *the medical team* to remove the colostomy bag and fix his stomach."
>
> - he was subjected to cruel and unusual punishment "by *the medical team* who denied his requests for pain medications."

(DE 1 ¶¶ 23-25 (emphases added).) In addition, noting the MDOC's directive that "Prisoners shall be provided with a continuum of medically necessary health care services that are supported by evidence based medical research[,]" MDOC PD 03.04.100 ("Health Services"), Plaintiff seems to allege broadly that *defendants* violated his Eighth Amendment rights by delaying necessary medical treatment for a non-medical reason, barring access "to a physician capable of evaluating [his] need for medical treatment[,]" "keeping Plaintiff in constant pain," and/or "subjecting him to a longer period of colostomy . . . [.]" (DE 1 ¶¶ 26-27, 29.) However, the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Regional Psychiatric Hosp.,* 286 F.3d 834, 842 (6th Cir. 2002)). As, the Sixth Circuit has counseled that "[w]e must analyze separately whether [Plaintiff] has stated a plausible constitutional violation by each

7

individual defendant, and we cannot ascribe the acts of all Individual Defendants to each individual defendant." *Heyne*, 655 F.3d at 564. Here, Plaintiff's references to "the medical team" and "defendants" do not demonstrate what *Defendants Gopal and Ferris* did to violate Plaintiff's Eighth Amendment rights.

Second, even where Plaintiff's complaint is more specific, it does not allege that Defendants Gopal and Ferris were deliberately indifferent to what the Court assumes, for purposes of this report, was Plaintiff's serious medical need. Plaintiff identifies Ferris as "the head Physicians' Assistant" and Gopal as "the Doctor" at WCC, generally alleges that some issues "were addressed by the medical staff," but more specifically alleges that "Dr. Gopal and PA Ferris refused to submit the requests or to have his Norco pain medications refilled." (DE 1 ¶¶ 5, 6, 21.) Assuming this is true, as the Court must on a Rule 12 motion to dismiss, Plaintiff is essentially taking issue with the adequacy of his treatment.[3] Such a claim does not constitute deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court . . . ."); *Westlake v.*

---

[3] That Plaintiff is merely disagreeing with the treatment plan is buttressed by: (1) his admission that he was given "generic Tylenol" at the expiration of his prescription, but it "did not help with the pain and discomfort he was having[,]" and (2) his grievance and related appeals, which made similar assertions. (DE 1 ¶ 19, DE 1 at 10, 12).

*Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). *See also Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) ("While at multiple points with both injuries Alspaugh certainly would have desired more aggressive treatment, he was at no point denied treatment."); *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) ("When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation."); *Smith v. Sator*, 102 F. App'x 907, 909 (6th Cir. 2004) ("Smith's claims amount to nothing more than a difference of opinion regarding the medical diagnosis and treatment he has been provided."); *White v. Corr. Med. Servs. Inc.*, 94 F. App'x 262, 264 (6th Cir. 2004) ("The essence of White's allegations was that he disagreed with CMS's and Dr. Abdellatif's approaches to his medical treatment. Although White did not receive the care he wanted, the conduct he alleged did not constitute a deliberate indifference to his medical needs.").[4]

---

[4] In fact, Plaintiff's February 3, 2015 MDOC Health Care Request contends that "Dr. Gopal sent in a request to the Pain Management Committee for my Norco to be re-ordered. When was this done and when will I get a response from the

Plaintiff's response is unavailing.  As an initial matter, Plaintiff claims that he "verbally communicated with Defendants[] . . . Farris . . . and . . . Gopal . . . regarding his need for medical treatment."  (DE 26 at 9.)  Maybe he did, but that assertion, alone, does not convince the Court that Plaintiff is alleging deliberate indifference in lieu of medical malpractice or negligence.  Nor do Plaintiff's conclusory or identifying statements about Farris and Gopal state such a claim. (*See* DE 26 at 7, 8, 10.)  Nor is it clear to the Court that any of the response's various references to "defendants" were intended to mean just Farris and Gopal, as opposed to the five defendants, especially when the response also uses phrases such as "each individual defendant[]," "each one of them," and "each one of the defendants."

Also, and perhaps more significantly, the response seems to advance new theories of liability, such as conspiracy, collaboration, systematic action, and collective purpose, *etc.*, and Plaintiff uses phrases such as "policy, practice, and custom," or "official policy of inaction[.]"  (DE 26 at 7-10.)  To be sure, Plaintiff's complaint identifies Defendant Lapum as someone who "supervised the nursing staff to ensure that all practices and procedures were properly followed." (DE 1 ¶ 7.)  However, Plaintiff does not advance either a conspiracy or a municipal liability theory in his complaint.  *See*, *e.g.*, *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d

---

[PMC]?"  (DE 1 at 25.)  As such, Plaintiff's own kite – dated before the initiation of this lawsuit and attached thereto – places at least some blame on the PMC.

324, 329 (6th Cir. 2006) ("Allowing [Plaintiff] to present a new theory of her case on appeal that was not alleged below would permit her two bites at the apple, a practice that would be very disruptive of orderly trial procedure."); *Stemler v. City of Florence*, 126 F.3d 856, 872 (6th Cir. 1997) ("[Plaintiff], of course, was free to seek leave to amend her complaint again to raise her new theory of falsification of evidence, or to file a new complaint against Wince explicitly raising that claim. She did not do so. The district court did not err in dismissing Stemler's complaint by failing to consider a cause of action that she had not yet alleged.") As such, the Court should not interpret *Plaintiff's complaint* as alleging that Farris and Gopal conspired, jointly collaborated, or systematically acted, or that they purposely engaged in "joint activity with each other[.]" (DE 26 at 7, 10.) Nor should the Court interpret Plaintiff's complaint as one alleging municipal liability by way of a "policy, practice, or custom" of prioritizing "profits over adequate Medical treatment." (DE 26 at 8-9.) Moreover, to the extent Plaintiff responds with a theory of municipal liability, the Court notes that Plaintiff has only named individuals, not municipalities, as Defendants in this case. *See Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996) (Plaintiff "cannot base her claim against the County and the School Board solely on Davis's conduct, for *respondeat superior* is not available as a theory of

recovery under section 1983.") (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978)).

E. **Conclusion**

Even construing Plaintiff's complaint "in the light most favorable to plaintiff" and accepting "all allegations as true[,]" *Keys*, 684 F.3d at 608, Plaintiff has failed to state an Eighth Amendment claim of deliberate indifference against Defendants Gopal and Ferris "upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). Accordingly, the Court should grant Defendants Farris and Gopal's June 14, 2017 motion to dismiss and dismiss Plaintiff's claims against them.

III. **PROCEDURE ON OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d

1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  |  |
|---|---|
|  | s/Anthony P. Patti |
|  | Anthony P. Patti |
| Dated: November 7, 2017 | UNITED STATES MAGISTRATE JUDGE |

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on November 7, 2017, electronically and/or by U.S. Mail.

                                                                                                s/Michael Williams
                                                                                                Case Manager for the
                                                                                                Honorable Anthony P. Patti