UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES WHORTON,

Plaintiff,

v.

ROGGENBUCK ET AL.,

Defendants.

Case No. 16-cv-13885

UNITED STATES DISTRICT COURT
JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

_____/

### ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#46] GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [#32] AND DISMISSING THIS ACTION WITHOUT PREJUDICE

### I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff James Whorton is currently incarcerated at the Woodland Center Correctional Facility ("WCC"). Dkt. No. 1, pg. 4 (Pg. ID 4). In June of 2014, he was housed at the Ionia Correctional Facility. *Id.* at pg. 5 (Pg. ID 5). On June 7, 2014, Plaintiff cut his stomach and he was sent to the hospital. *Id.* On June 9, 2014, Plaintiff cut his stomach again "to a graver extent" and was sent back to the hospital. *Id.* Plaintiff alleges that on both occasions, the hospital failed to repair his wound. *Id.* After being discharged from the hospital, Plaintiff was sent to WCC, his current facility. *Id.* Defendant Joan Roggenbuck was the Warden of WCC

1

during the relevant time period. Defendant Joe Lapum was the Resident Nurse Manager at WCC during the relevant time period. Defendant Alfred Brown was the Health Unit Manger at WCC during the relevant time period who supervised the nurses and resident nurse managers. *Id.* at pg. 6 (Pg. ID 6).

The staff at WCC placed Plaintiff in the infirmary ward for 2.5 months. *Id.* During this time, Plaintiff's wound was opened and his intestines were encased in a transparent "shield." *Id.* Plaintiff's complaint asserts that over 6 inches of his intestines were protruding from his stomach during this time. *Id.* In addition, Plaintiff had a colostomy bag. *Id.* For 6 months, Plaintiff received Vicodin and Norco to manage his pain. *Id.* Before his prescription expired, Plaintiff filed a grievance requesting that his pain medication be reordered. *Id.* at pg. 6 (Pg. ID 6). Instead, Plaintiff received Tylenol when his prescription ended, which did not help his pain. *Id.* Plaintiff repeatedly requested WCC to re-prescribe his Vicodin and Norco pain medication. *Id.* WCC denied Plaintiff's grievance to refill his Vicodin and Norco. *Id.* Plaintiff had 6 inches of his intestine protruding from his stomach and a colostomy bag for nearly two years. *Id.*

Plaintiff states that his pain and suffering caused severe mental anguish and resulted in him injuring himself again. *Id.* After Plaintiff injured himself for the third time, the medical team at WCC removed his colostomy bag and repaired his stomach. *Id.*

On October 27, 2016, Plaintiff filed a complaint against Joan Roggenbuck, Kim Ferris—the head physician assistant and WCC, Shanthi Gopal—the doctor at WCC, Joe Lapum, and Alfred Brown. Dkt. No. 1. On December 11, 2017, this Court accepted Magistrate Judge Patti's Report and Recommendation ("R&R") and dismissed defendants Ferris and Gopal for failure to state an Eighth Amendment claim of deliberate indifference against them. Dkt. No. 36, 40.

This matter is before the Court on Defendants Joan Roggenbuck and Alfred Brown's Motion for Summary Judgment, filed on October 2, 2017. Dkt. No. 32. Plaintiff filed two responses on December 21, 2017. Dkt. Nos. 42, 43. This Court referred the matter to Magistrate Judge Anthony P. Patti on September 14, 2018. Dkt. No. 45. Magistrate Judge Patti issued a R&R on October 9, 2018, recommending that the Court grant Defendants' Motion for Summary Judgment. Dkt. No. 46. The R&R stated that this Court should dismiss Plaintiff's claims against Roggenbuck, Brown, and Defendant Joe Lapum for failure to state a claim upon which relief can be granted. *Id.* at pg. 1 (Pg. ID 303). Alternatively, the R&R recommended that this Court should grant Defendants' Motion for Summary Judgment to the extent that it seeks dismissal for failure to state a claim upon which relief can be granted. *Id.*

On October 24, 2018, Plaintiff filed an Objection. Dkt. No. 47. Plaintiff's Objection is not written like a standard objection. Rather, it is similar to an

amended complaint in that it attempts to expound on and give greater detail to the allegations made in his original complaint.

Nevertheless, for the reasons discussed below, the Court will accept and adopt Magistrate Judge Patti's R&R and dismiss Plaintiff's complaint against Defendants Roggenbuck, Brown, and Lapum without prejudice.

## II. LEGAL STANDARD

This Court employs "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. U.S.*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012).

## III. DISCUSSION

1. Defendant Lapum

Plaintiff named Joe Lapum as a Defendant in this matter. Plaintiff identified Lapum as the Resident Nurse Manager at WCC. Dkt. No. 1, pg. 4 (Pg. ID 4). His complaint states that Lapum "supervised the nursing staff to make sure that all practices and procedures were properly followed." *Id.* However, to date, Plaintiff

4

has not effected service on Defendant Lapum. On December 21, 2016 and October 30, 2017, waivers of service on Lapum were returned as unexecuted. Dkt. Nos. 7, 35. As a threshold matter, this Court will dismiss Plaintiff's complaint against Lapum for failure to prosecute.

Notwithstanding Plaintiff's failure to effect service on Lapum, Plaintiff's cause of action against Lapum still fails. Plaintiff's complaint states that he filed a grievance requesting that his Vicodin and Norco pain medication be refilled. Dkt. No. 1, pg. 6 (Pg. ID 6). He alleges that Lapum "did nothing to resolve his ongoing pain issues." *Id.* The complaint also states that "[t]he medical team and the defendants . . . were deliberately indifferent to [Plaintiff's] medical needs." *Id.* at pg. 7 (Pg. ID 7).

Liability under 42 U.S.C. § 1983 must be based on more than the mere right of a supervisor to control employees. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). A supervising official can only be liable under 42 U.S.C. § 1983 if the supervisor encouraged the alleged misconduct or directly participated in the alleged wrongful conduct in some way. *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016). A plaintiff must, at a minimum, show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Shehee*, 199 F.3d at 300). Allegations that a supervisor denied a plaintiff's administrative remedies

and failed to remedy the alleged wrongful behavior are not sufficient to withstand a motion to dismiss. *See Shehee*, 199 F.3d at 300 (reversing the district court's denial of defendant's motion to dismiss or for summary judgment where the complaint alleged § 1983 liability for denial of administrative grievances and failure to remedy retaliatory behavior).

Plaintiff's complaint alleges that his grievance was denied and that Mr. Lapum did nothing to resolve his pain issues. Thus, Plaintiff's complaint merely alleges that Lapum denied his grievance and failed to remedy the alleged unconstitutional conduct. Pursuant to *Shehee*, this conduct is not actionable under § 1983. Plaintiff's Objection is a slightly more detailed re-hashing of the allegations made in his complaint. The Objection asserts that Lapum was the resident nurse manager who "had a direct responsibility to supervise and manage the nursing staff that reported to him." Dkt. No. 47, pg. 6 (Pg. ID 320). It states that Lapum "did nothing" upon learning that Plaintiff had ongoing pain issues. *Id.* It further argues that Lapum "had the ability to bring attention to this matter and make an effort to resolve [Plaintiff's] ongoing pain management issues. In the event that the Health Unit Manager and/or attending physician failed to act, [Lapum] had the responsibility to report this matter to a superior. Defendant Lapum did nothing." *Id.* Plaintiff's Objection merely contends that Lapum did not remedy any alleged

unconstitutional conduct. Pursuant to *Shehee*, these allegations are not sufficient to withstand a motion to dismiss.

Further, this Court is not required to even consider the additional statements raised in Plaintiff's Objection because the allegations are more properly brought within a complaint. *See Carter v. Ford Motor Co.*, 561 F.3d 562, 566 (6th Cir. 2009) (quoting *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)) (holding that "the Rules require [a complaint to contain] . . . a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is . . . .").

To conclude, this Court will dismiss Plaintiff's claims against Defendant Lapum. Plaintiff has not yet effected service on this Defendant; Plaintiff's complaint fails to establish facts that would trigger § 1983 liability; and Plaintiff's Objection fails to remedy any inadequacies contained in his complaint.

2. Defendants Roggenbuck and Brown

Plaintiff names Joan Roggenbuck and Alfred Brown as Defendants. His complaint states that Roggenbuck, as warden of WCC, was "responsible for ensuring the safety and well-being of prisoners under his/her supervision." Dkt. No. 1, pg. 4 (Pg. ID 4). The complaint states that Brown was the Health Unit Manager at WCC and that he "supervised the nurses and resident nurse managers." Plaintiff further asserts that WCC denied his grievance for Vicodin and Norco

7

refills and that Mr. Brown "did nothing to resolve his ongoing pain issues." *Id.* at pg. 5 (Pg. ID 5). Plaintiff's complaint makes no other factual allegations against the Defendants.

As this Court stated above, a supervising official can only be liable under 42 U.S.C. § 1983 if the supervisor encouraged the alleged misconduct or directly participated in the alleged wrongful conduct in some way. *Peatross*, 818 F.3d at 242. A plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Shehee*, 199 F.3d at 300). Simply failing to grant administrative remedies is not enough to produce liability under § 1983. *Shehee*, 199 F.3d at 300.

Here, similar to Defendant Lapum, Plaintiff's complaint only alleges that Defendants Roggenbuck and Brown are liable because they were supervisors. The complaint does not allege facts that demonstrate that either Defendant implicitly authorized or knowing acquiesced in unconstitutional conduct.

Plaintiff's Objection states that his "complaint of inadequate medical care and deliberate indifference to his serious medical need was properly brought to the attention of . . . Roggenbuck." Dkt. No. 47, pg. 3 (Pg. ID 317). However, Roggenbuck "failed to remedy the wrong." *Id.* The Objection further asserts that when Plaintiff appealed to Roggenbuck through the administrative procedure,

Roggenbuck had an opportunity to resolve the matter, but did not. *Id.* at pg. 4 (Pg. ID 318). As to Defendant Brown, the Objection states that he had the responsibility to ensure that the nursing staff had "proper instructions and orders concerning pain management." *Id.* It states that it was within Brown's power to advise the physician about Plaintiff's medical issues or seek support once Brown became aware of Plaintiff's grievance. *Id.*

Plaintiff's Objection is merely a re-hashing of the allegations made in his complaint, with more detail. However, Plaintiff is still only alleging that Defendants Roggenbuck and Lapum failed to grant him an administrative remedy. Pursuant to *Shehee*, failure to award an administrative remedy does not create § 1983 liability. In addition, the detail that Plaintiff adds in his Objection would have properly been brought in an amended complaint. For these reasons, the Court will overrule Plaintiffs Objection as to Defendants Roggenbuck and Brown and dismiss his complaint against these Defendants.

## IV. CONCLUSION

Upon review of the parties' briefing and the Magistrate Judge's Report and Recommendation, the Court concludes that the Magistrate Judge reached the correct conclusion. Accordingly, Plaintiff's objection [#47] is OVERRULED. The Court hereby ACCEPTS AND ADOPTS Magistrate Judge Anthony P. Patti's

October 9, 2018 Report and Recommendation and DISMISSES Plaintiff's complaint against Defendants Roggenbuck, Brown, and Lapum without prejudice.

SO ORDERED.

Dated: September 6, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
September 6, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager